IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SABRINA HARRISON,

    Plaintiff,

v.                                                                                          No. 1:16-cv-01079-JDB-jay

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____

ORDER AFFIRMING DECISION OF COMMISSIONER
_____

        Before the Court is the August 31, 2016 motion of Plaintiff, Sabrina Harrison, for judgment on the pleadings. (Docket Entry ("D.E.") 11.) This appeal of the denial of disability benefits and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, was filed by Harrison on April 25, 2016. Defendant, the Commissioner of Social Security, has filed a response, (D.E. 12), to which Harrison replied, (D.E. 13).

## PROCEDURAL HISTORY

        Plaintiff initially filed for disability benefits and SSI on April 16, 2008, alleging disability beginning July 1, 2017. (D.E. 7-7 at PageID 503, 511.) The Social Security Administration denied her claim on September 22, 2008. (D.E. 7-5 at PageID 248.) After her request for reconsideration was turned down, (*Id.* at PageID 257), Harrison presented her claim before an administrative law judge ("ALJ"), who also rejected her petition, (D.E. 7-4 at PageID 177). That decision was remanded for a rehearing by the Appeals Council. (*Id.* at PageID 199.) Upon reconsideration, another ALJ reviewed Plaintiff's claim, along with a new filing she had made in the intervening

1

period,[1] but again issued a denial. (*Id.* at PageID 204.) The Appeals Council remanded this decision as well. (*Id.* at PageID 235.) A third ALJ conducted a hearing but likewise rejected Harrison's claims. (D.E. 7-3 at PageID 37.) The Appeals Council affirmed this decision on February 24, 2016, (*Id.* at PageID 29), and Plaintiff timely appealed to this Court, (D.E. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, and whether the correct legal standards were applied. *Id.*; *Landsaw v Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986) (citing *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524 (6th Cir. 1981)). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2001) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Court need not "agree with the Commissioner's finding, as long as it is substantially supported in the record." *Id.* (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999)).

The Commissioner, not the court, is charged with the duty to weigh the evidence; to make credibility determinations and resolve material conflicts in the testimony; and to decide the case

---

[1] This new filing amended her disability onset date to December 15, 2010. (D.E. 7-7 PageID 583.)

2

accordingly. *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing first *Richardson v. Perales*, 402 U.S. 389, 390 (1971), then *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). A reviewing court must defer to findings of fact by the Appeals Council when those findings conflict with the factual findings of the ALJ. *Mullen*, 800 F.2d at 545.

## THE COMMISSIONER'S DECISION

The Social Security Act defines disability as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

3

> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 404.1520 (b)–(g)). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. *Id.* § 404.1520(a).

In Plaintiff's case, the ALJ[2] determined that: (1) Plaintiff met the insured status requirements of the Act through December 31, 2011; (2) she had not engaged in substantial gainful activity since her disability onset date; (3) she had the following impairments: headaches, history of bilateral carpal tunnel syndrome, obesity, borderline intellectual functioning, a depressive disorder, and anxiety disorder, however, she did not have an impairment or combination of impairments that medically equaled the severity of one of those listed in the regulations; (4) she was unable to perform past previous work, but she could perform light work as defined in the regulations; and, therefore, (5) she was not disabled and could find jobs performing such light work. (D.E. 7-3 at PageID 42–55.) Thus, the ALJ found that Harrison was not disabled at steps three and five of the sequential evaluation process.

*Step Three Findings*

Plaintiff assigned error to the ALJ's finding that she did not have a disability with respect to those listed in Appendix 1 to subpart P of 20 C.F.R. § 404, which is step three of the evaluative process set forth above. (D.E. 11 at PageID 1912–21.) Specifically, Harrison averred that she had a mental disorder meeting the criteria of listing 12.05(C), which then required (1) "subaverage general intellectual functioning with deficits in adaptive functioning" beginning before the age of

---

[2] Henceforth, the Court will reference only the determination of Judge Barbara Kimmelman, which is the decision from which Plaintiff appeals.

twenty-two; (2) "a valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § 404, subpart P, app. 1 (2016).[3] Adaptive functioning includes a claimant's "effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group." *Heller v. Doe*, 509 U.S. 312, 329 (1993).

IQ Score

The parties apparently do not dispute the validity of Plaintiff's IQ score. (D.E. 11 at PageID 1913; D.E. 12 at PageID 1997.) However, Harrison argues that the ALJ's statement that "[t]he range of adaptive functioning established by the evidence will not support finding a valid IQ of 70 or below" is an unequivocal rejection of its soundness, (D.E. 13 at PageID 2003 (quoting D.E. 7-3 at PageID 49)), and cites *Brown v. Sec'y of Health and Human Servs.*, 948 F.2d 268, 269 (6th Cir. 1991), for the proposition that other evidence in the record should not invalidate an otherwise accurate score, (D.E. 11 at PageID 1913). As Plaintiff acknowledges, whether an ALJ may invalidate an IQ score with other evidence in the record is an open question in the Sixth Circuit.[4] *Hounchell v. Colvin*, No. 3:15-048-DCR, 2016 WL 3390241, at *3 (E.D. Ky. June 16, 2016).

Irrespective of this uncertainty, as Defendant correctly points out, (D.E. 12 at PageID 1996 (citing D.E. 7-3 at PageID 49–50)), even if the ALJ's language regarding the score did amount to an invalidation, the judge's decision also rested on her finding that Plaintiff did not have deficits

---

[3] 12.05C was eliminated in a January 17, 2017 update to the regulations.

[4] However, at least the Third, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits allow ALJs to invalidate scores based on other evidence in the record. *Hancock v. Astrue*, 667 F.3d 470, 474–75 (4th Cir. 2012) (so holding and collecting cases).

5

in adaptive function. *Talbert v. Comm'r of Soc. Sec.*, No. 1:15-CV-468, 2016 WL 3387308, at *6 (S.D. Ohio June 15, 2016), report and recommendation adopted, No. 1:15CV468, 2016 WL 3855447 (S.D. Ohio July 15, 2016) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)) ("[F]or plaintiff to meet Listing 12.05C, he must satisfy all of the requirements of the diagnostic description for intellectual disability."). Thus, whether the ALJ did invalidate Harrison's IQ score with her statement, and whether the way she did so was improper, are, at worst, harmless error. *See Hounchell*, 2016 WL 3390241, at *3–4 (affirming the decision of the commissioner where the ALJ considered other evidence to reject the plaintiff's IQ score).

Adaptive Functioning

Plaintiff further contends that the ALJ failed to discuss the diagnostic criteria for her assessment of Plaintiff's adaptive functioning. (D.E. 11 at PageID 1917.) To the contrary, the ALJ noted that Harrison consistently scored near a 54 in her global assessments of functioning, which was "consistent with moderate symptoms"; that she had only mild difficulties or restrictions in her daily living activities, social functioning; and that she had moderate difficulties with regard to concentration, persistence, or pace. (D.E. 7-3 at PageID 49–50.) For all these findings, the ALJ referenced documents found in the record. (*Id.*) While it is true that the record contained evidence unfavorable to the ALJ's overall conclusion, she weighed those assessments against the others in her decision, and ultimately accorded more credibility to the reports supporting the finding that Plaintiff did not have deficits in adaptive functioning. (*Id.*) Although the record could support another holding, it is the duty of the ALJ—not this Court—to assess the credibility of the evidence before her.[5] *Crum*, 921 F.2d at 644.

---

5 Plaintiff's argument that the ALJ did not sufficiently discuss whether her combination of impairments equaled those of 12.05 fails for the same reason.

*Step Five Findings*

Harrison further contends that the ALJ erred by concluding that there were a sufficient number of jobs in the national economy that could employ her despite her physical and intellectual limitations. (D.E. 11 at PageID 1921–24.) Plaintiff's principal objection is that the ALJ failed to adhere to Social Security Ruling 00-4p, which requires an ALJ to ask a vocational expert ("VE") about any conflicts between the expert's findings and the agency's Dictionary of Occupational Titles ("DOT"). (*Id.* at PageID 1922–23.) The Commissioner does not dispute that there was such a conflict. (D.E. 12 at PageID 1998–2001.)

The response of a VE to the ALJ's hypothetical question may "serve as substantial evidence in support of the conclusion that a claimant can perform other work," as long as "the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). In this case, the ALJ directed the VE to note any inconsistencies between her testimony and the DOT before asking any substantive questions. (D.E. 7-3 at PageID 106.) The ALJ preceded her hypothetical by describing Harrison's limitations, (*Id.* at PageID 107–08), and the VE noted when her answers did not correspond with the DOT. (*Id.* at PageID 109–12.) Plaintiff points out that some of the DOT job codes recited by the VE were not accurate; however, the VE explained at this point that she was deviating from the DOT. (*Id.* at PageID 108, 111.) Thus, the ALJ was entitled to rely on the testimony of the VE as substantial evidence, and furthermore, it appears as though Social Security Ruling 00-4p was followed by the ALJ's directive to the VE to highlight disparities between her testimony and the DOT.

**CONCLUSION**

In light of the foregoing, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 20th of March 2019.

                                                                      <u>s/ J. DANIEL BREEN</u>
                                                                      UNITED STATES DISTRICT JUDGE